UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANH VU NGUYEN,

                Petitioner,

v.

STATE OF WASHINGTON,

                Respondent.

CASE NO. 2:24-cv-00525-JCC-GJL

REPORT AND RECOMMENDATION

Noting Date: May 10, 2024

Petitioner Anh Vu Nguyen is a state prisoner currently incarcerated at the Coyote Ridge Corrections Center in Connell, Washington. He has submitted to this Court for filing a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2002 judgment and sentence of the King County Superior Court. Dkt. 1-1. A review of the Court's records reveals that Petitioner previously filed a Petition under 28 U.S.C. § 2254 challenging the same judgment and sentence which was dismissed on the merits.[1] *See Nguyen v. Wingler*, 2:08-cv-01580-RSL (W.D. Wash. Feb. 24, 2010).

---

[1] Petitioner has also filed in this Court other challenges to the same 2002 King County judgment and sentence: (1) *Nguyen v. Wingler*, No. 2:14-cv-01495-JLR-JPD (W.D. Wash. Oct. 27, 2014) (§ 2254 petition transferred to the Ninth Circuit as a second or successive petition); the Ninth Circuit subsequently denied Petitioner authorization to file a second or successive petition. *See Nguyen v. Wingler*, Court of Appeals Docket No. 14-73321; and (2) *Nguyen*

REPORT AND RECOMMENDATION - 1

In the instant Petition, Petitioner acknowledges that he has filed at least one previous petition for writ of habeas corpus in this Court challenging the same 2002 King County Superior Court judgment, but asserts that he is "mov[ing] this court for leave to file a second, nonsuccessive habeas corpus petition." Dkt. 1-1 at 16. He now argues that he is claiming "actual innocence issue predicated on sufficiency of the evidence." *Id*. at 17.

Because Petitioner previously filed a federal habeas petition pursuant to § 2254 challenging the same 2002 King County judgment and sentence, and because that petition was dismissed on the merits, the instant Petition must be deemed successive. This Court is without jurisdiction to consider a successive petition until the Ninth Circuit Court of Appeals has authorized its filing. 28 U.S.C. § 2244(b)(3)(A). Petitioner has provided no evidence that the Ninth Circuit has authorized the filing of the instant Petition and, thus, the Court lacks jurisdiction to consider the Petition.

Based on the foregoing, this Court recommends that Petitioner's federal habeas Petition be transferred to the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 and Ninth Circuit Rule 22-3. A proposed Order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time

---

*v. Uttecht*, 2:16-cv-00292-JCC (W.D. Wash. June 8, 2016) (§ 2241 petition transferred to the Ninth Circuit as a second or successive petition).

REPORT AND RECOMMENDATION - 2

1 limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on May 10,

2 2024, as noted in the caption.

3     Dated this 23rd day of April, 2024.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3